## Case No. 9,095.

### In re MARKS.

[2 N. B. R. 575 (Quarto, 175); [1] 16 Pittsb. Leg. J. 12; 1 Chi. Leg. News, 245.]

District Court, D. Minnesota. April, 1869.

BANKRUPTCY—SEIZURE BY MARSHAL—INDEMNIFI-CATION—SUIT BY CLAIMANT—ASSIGNEE —INJUNCTION SOUGHT.

1. The United States marshal, under provisional warrant to seize the effects of the bankrupt, took goods claimed by one W., and being indemnified under G. O. No. 13, delivered the same to the assignee in bankruptcy. W. sued the marshal upon the tort in the state court. The assignee claimed the lawful possession of the property; alleged the claim of W. thereto to be illegal, and that he disposed of a portion thereof while in his possession, and prayed that W. be ordered to account therefor, and be permanently enjoined from prosecuting his action against the marshal. *Held*, that the facts do not warrant the granting of such injunction; the marshal is responsible if he seized property not belonging to the bankrupt, and the petitioning creditors are bound to defend him in the suit by the claimant.

[Cited in Marsh v. Armstrong, 20 Minn. 81 (Gil. 66); Clark v. Binninger, 38 How. Pr. 342.]

2. But the summary mode instituted by the assignee, by the petition, to collect the portion of the bankrupt's assets withheld, is not objectionable. Sale of the property ordered, and proceeds to await further order of the court.

In bankruptcy.

NELSON, District Judge. It appears from the petition filed by the assignee, that, at the time proceedings in bankruptcy were instituted, a provisional warrant was issued to the marshal, under section forty of the act, commanding him to seize the property and effects of the debtor. The marshal, by virtue of the warrant, seized a certain stock of goods claimed by one Asa White, and being indemnified, under general order No. 13, delivered the stock to the assignee, as the property of the bankrupt. White has commenced a suit against the marshal, in the district court of the state, for the value of the prop-

erty taken by him, and for damages for its detention. The assignee claims the property by virtue of the assignment, and alleges the claim of White to be illegal, and charges him with having disposed of some of the property when in his possession, and demands that he account for the same, and deliver over the proceeds of all sales and claims arising therefrom.

Upon this statement of facts an injunction was asked for, to restrain White from prosecuting his suit against the marshal, in the state court. An order was entered that White show cause why the prayer of the petition should not be granted, and a preliminary injunction was issued. On granting the injunction we suggested that a motion to dissolve be argued on the return day of the order to show cause, if the counsel for the respondent desired. This motion has been argued, and also one for a dismissal of the petition. We are satisfied upon an examination of the case that the facts presented by the petition will not authorize us to interfere with the proceedings against the marshal in the state court. The warrant to take possession provisionally of property, referred only to the property and effects of the debtor. The marshal proceeds to execute this writ at his peril, and if he seizes property belonging to a person other than the debtor, he cannot justify his conduct under the warrant; he is liable to the injured party, and we can neither protect him, nor compel the party so injured to submit his claim for damages to this court for adjudication. There is no contest in regard to the possession of the property. The assignee has not been interfered with in the discharge of his duties, and no claim has been made upon him for any of the property in his possession. He is not responsible for the acts of the marshal, and until there is some direct interference, tending to harass him, and prevent the due administration of the estate, we cannot interpose. The marshal has been indemnified by the petitioning creditors, and they are bound to defend him in any action that may be brought by the claimant of the property seized by him under such writ. In the language of the United States supreme court (Buck v. Colbath, 3 Wall. [70 U. S.] 347): "We see nothing, therefore, in the mere fact that the writ issued from the federal court, to prevent the marshal from being sued in the state court, in trespass for his own tort, in levying it upon the property of a man against whom the writ did not run, and on property which was not liable to it." We deny the motion, however, to dismiss the petition, for the reason that there is an allegation that White has disposed of certain property belonging to the estate of the bankrupt, and retains the proceeds of the sale. The assignee is authorized by suit, if necessary, to collect the assets of the bankrupt, and there can be no objection to the summary mode instituted by the assignee for that purpose. We also

[1] [Reprinted from 2 N. B. R. 575 (Quarto, 175) by permission.]

order the property to be sold in the manner prescribed by general order No. 21, and the proceeds held subject to the further order of the court. Injunction dissolved.